PABLO RUIZ, Appellant, *v.* OSVALDO TORRES GÓMEZ, ACTING REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1111.   Submitted November 2, 1942.—Decided November 4, 1942.

*Antonio S. Suliveres* for appellant.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Vidal Montalvo Rodríguez had a 62.50-acre (*cuerdas*) estate recorded in his name in the Registry of Property of Utuado.   Through five different deeds of sale he segregated from said property and sold six lots of 18, 9, 3, 3, 7, and 13.50 acres, respectively, the main estate being thus reduced to an area of nine acres.   On the same date on which said segrega-

tions were made, that is, August 1, 1942, Montalvo made a deed of sale to appellant herein, Pablo Ruiz, with the intention of selling to him the nine acres that he still had of the original estate of 62.50 acres. The property which is the object of the sale is described in the deed thus—

"RURAL: Located in the ward (*barrio*) of Salto Arriba of the municipal district of Utuado, comprising nine acres (*cuerdas*) of land, equivalent to three hectares, fifty-three ares, and seventy-three centiares of land. Bounded on the north by Pablo Rivera; on the east by P.R.R.A.; on the south, by Pedro Román Maldonado; and on the west by Evaristo López, Pablo Rivera, and Juana Maldonado."

Upon said deed being presented for record the registrar refused to record it for the reasons set forth in the following decision, from which the present appeal has been taken:

"The recordation of the above deed is denied because it fails to describe the main property from which it is said the nine-acre (*cuerdas*) estate, which Vidal Montalvo Rodríguez sells to Pablo Ruiz, is a remainder. The references made in a deed of sale, even to records in the registry, are not a sufficient compliance with §§21, 9, and 30 of the Mortgage Law which require that the property must be described in the deed, under penalty of nullity of its recordation. (*Pietri et al.* v. *Registrar*, 22 P.R.R. 678, 681.) Cautionary notice is, therefore, entered in favor of Pablo Ruiz, the buyer, for the legal term of 120 days, at page 66, volume 175 of Utuado, property No. 7521, annotation 'A.' Utuado, September 3, 1942. (Signed) Osvaldo Torres Gómez, Acting Registrar of Property."

We are of the opinion that the registrar acted correctly in denying the record sought.

Section 21 of the Mortgage Law provides that public instruments embodying acts or contracts subject to recordation "must state at least all the details which the record must contain under the penalty of nullity, relating to the persons of the parties thereto, the estates, and the recorded interests." And pursuant to §9 of the same statute, every entry made in the registry shall contain,

among other things: (1) the nature, location, and boundaries of the real property the subject of the record, or which is affected by the right to be recorded and its area; and (2) the nature, extent, conditions, and charges of the right upon which the subject of the record is constituted. When the record does not comply with the aforesaid circumstances, it is void as provided in § 30 of the Mortgage Law.

From the certificate issued by the registrar and submitted by the appellant in support of the present appeal, it appears that the estate number 7521 is recorded in his name, at page 65, volume 175 of Utuado, first inscription, being described thus:

"RURAL: Located in the wards of Guaonico and Salto Arriba of the municipal district of Utuado, comprising sixty-two acres and fifty hundredths, equivalent to 24 hectares, 56 ares, and 50 centiares of land. Bounded on the north by Juan Serrano, Pablo Rivera, Jerónimo Rivera, and the Puerto Rican Reconstruction Administration; on the east by Succession of Avilés; on the south by Succession of Eusebio Maldonado, The Federal Land Bank of Baltimore, and Evaristo López; and on the west by Luis Carrasquillo."

From said certificate it also appears that the segregations we have already referred to had been recorded as separate estates of their respective buyers.

In the instant case we are not dealing with a new segregation but with the sale of the remaining portion of estate number 7521, the area of which was reduced to nine acres. The description made in the deed of the property the subject of the sale does not correspond with the one that appears in the registry of estate number 7521. There is no nine-acre estate with the boundaries stated in the deed recorded in the registry in the name of the vendor.

The most common and advisable practice to be followed is to describe the original estate just as it appears from the registry; to state the segregations that have been made in order that the exact area to which the property has been reduced can be determined; and, then, to sell the remaining

4

portion of the estate stating its boundaries. That seems to be all that the registrar required in the instant case.

 In passing upon a deed, for which recordation is sought, and upon the qualifications of the parties thereto, the registrar shall take into consideration what appears from such deed, and he is not bound to examine former recordings, nor to study other deeds not supplementary to the one sought to be recorded. Section 18 of the Mortgage Law and § 77 of the Mortgage Law Regulations; *Heirs of Collazo* v. *Registrar,* 41 P.R.R. 575; 2 Morell 241.

The decision appealed from must be affirmed.